IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WANDA K. W., § § Plaintiff, § § v. § § ANDREW SAUL, § Commissioner of the § Social Security Administration, § § Defendant. § | Case No. 3:19-cv-01915-S-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Wanda K. W.[1] filed a civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. For the reasons explained below, the Court should AFFRIM the Commissioner's decision.

## Background

Plaintiff alleges that she is disabled due to the following impairments: epilepsy; hypothyroidism; degenerative joint disease of the left shoulder, status post rotator cuff surgery; degenerative disc disease of the cervical and lumbar spine; hypertension; migraine headaches; major depressive disorder; generalized

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

anxiety disorder; and chronic pain disorder. *See* Pl.'s Br. 2 (ECF No. 17). She alleges disability beginning July 31, 2013. Administrative Record (A.R.) 20, 210 (ECF No. 14-1). After her applications for disability insurance benefits under Title II and supplemental security income under Title XVI were denied initially, and on reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ). That hearing took place in Dallas, Texas on February 22, 2017. A.R. 20. At the time of the hearing, Plaintiff was 53 years old. *Id.* 24, 26, 38. She has a high school education and past work experience as a cashier, a retail sales clerk, and a front desk clerk. *Id.* 24, 26, 39, 60.

In a written decision issued on June 1, 2017, the ALJ found that Plaintiff was not disabled and, therefore, not entitled to supplemental security income or disability insurance benefits. *Id.* 17-32. At step one of the five-step sequential evaluation,[2] the ALJ found Plaintiff had not engaged in substantial gainful activity

---

[2] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler,* 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

since July 31, 2013. A.R. 22. At step two, the ALJ found that Plaintiff had the severe impairments of seizure disorder, hypothyroidism, and degenerative joint disease of the left shoulder status post rotator cuff repair. *Id.* At step three, the ALJ found that Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* 23. At step four, the ALJ found Plaintiff has the residual functional capacity (RFC) to perform a limited range of light work, except that she cannot drive; she cannot reach overhead with her left arm; she should avoid "even moderate exposure to unprotected heights, open flames, hazardous or moving machinery, and large bodies of water"; and she can understand, remember, and carry out simple, routine, repetitive tasks, and make simple work decisions. *Id.* At step five, relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff could perform the work of a bakery worker, a counter clerk, or a furniture rental clerk, jobs that exist in significant numbers in the national economy. *Id.* 27.

Plaintiff appealed the hearing decision to the Appeals Council. The Appeals Council denied Plaintiff's request for review. *Id.* 1, 4. Plaintiff then filed this action in federal district court arguing: (1) with the RFC found by the ALJ, Plaintiff could not perform the jobs of bakery worker, counter clerk, or furniture rental clerk; (2) the ALJ failed to properly consider all of Plaintiff's severe impairments and the exertional and nonexertional limitations resulting from those impairments; and (3) the Commissioner failed to properly apply the medical vocational guideline rules. Pl.'s Br. 1.

## Legal Standards

Judicial "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland*, 771 F.3d at 923 (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citation omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting *Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Cook v. Heckler,* 750 F.2d 391, 392-93 (5th Cir. 1985); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds that the Commissioner stated to support his or her decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

# Analysis

I. <u>The ALJ did not err in finding that Plaintiff can work as a counter clerk.</u>

The ALJ determined Plaintiff was not disabled at step five because she could work as a bakery worker, a counter clerk, or a furniture rental clerk. A.R. 27. In making that determination, the ALJ relied on VE testimony that a hypothetical person of Plaintiff's age, education, work experience, and functional limitations could work in these jobs. *Id.* Plaintiff argues the ALJ erred in relying on the VE testimony because it is contrary to the requirements for those jobs that are reported by the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO). Specifically, Plaintiff argues that she cannot perform the bakery worker job because the DOT provides that job involves occasional exposure to possible bodily injury from moving mechanical parts or equipment, tools, or machinery, and the ALJ found that Plaintiff "should avoid even moderate exposure to . . . hazardous or moving machinery." Pl.'s Br. 6 (quoting A.R. 23). Plaintiff also argues she cannot perform the bakery worker job or the counter clerk job because, according to the DOT and the SCO, those jobs require the ability to reach occassionally, but the ALJ found she is "precluded from reaching overhead with her non-dominant left upper extremity and . . . limited to reaching occasionally in all other directions with" the same limb. *Id.* (citing A.R. 23). Finally, Plaintiff argues that the furniture rental clerk job, identified in the ALJ's decision with DOT code 295.535-018, does not exist. *Id.* 5. The

5

Commissioner disputes that there is any conflict between the ALJ's decision and the DOT and further argues that, even if a conflict exists, Plaintiff waived any objection based on that conflict because her attorney failed to raise the issue at the administrative hearing. Comm'r Br. 2-3 (ECF No. 18).

The Department of Labor promulgated the DOT to provide "standardized occupational information to support job placement activities." *See* Dep't of Labor, D.O.T. at xv (4th ed. 1991). The DOT and the SCO contain descriptions of the requirements for thousands of jobs in the national economy and classify those jobs based on various factors. Occupational evidence provided by a VE generally should be consistent with the occupational information supplied in the DOT. Social Security Ruling (SSR) 00–4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). But the DOT is not comprehensive: It does not include every specific skill or qualification requirement for a particular job. *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). And, the Fifth Circuit has warned against basing disability determinations solely on a DOT job description rather than upon testimony of a vocational expert or other similar evidence. *See id*.

When a "direct and obvious conflict" exists between the DOT and the VE's testimony, however, the ALJ must explain or resolve the conflict. *See id*. at 145-46. If the ALJ does not resolve the conflict, the weight of the VE's testimony is lessened, and reversal and remand for lack of substantial evidence usually follows. *Id*. at 146. On the other hand, when a conflict is implied or indirect, the ALJ can accept and rely upon the VE's testimony provided the record reflects an adequate

6

basis for doing so. *See id.* at 146; *see also Gaspard v. Soc. Sec. Admin. Comm'r*, 609 F. Supp. 2d 607, 613 (E.D. Tex. 2009) (affirming Commissioner's decision to rely on VE testimony despite implied conflict where adequate evidence supported VE testimony).

In this case, the ALJ determined that Plaintiff has the RFC to "occasionally reach in all . . . directions [except overhead] with the left upper extremity" and that she is not limited at all with respect to reaching with her right arm. A.R. 23. The VE testified that a hypothetical person of Plaintiff's age, education, work experience, and functional limitations—including the limitation that she is precluded from reaching overhead with her left arm—can work as a counter clerk (DOT, 249.366-010). When asked if her testimony was consistent with the DOT, the VE answered in the affirmative and explained that "the DOT does not differentiate between forward and overhead reaching[.]" A.R. 63.

There is no conflict between the VE's testimony and the DOT. The DOT states that the counter clerk job requires "occasional" reaching, *see* DOT, 249.366-010, 1991 WL 672323. And, as the ALJ stated, the DOT does not specifically state that overhead reaching, with one or both arms, is required. Further, nothing in the narrative description for the counter clerk job implies that overhead reaching is required to perform the job. Rather, according to the DOT, a counter clerk:

> [r]eceives film for processing, loads film into equipment that automatically processes film for subsequent photo printing, and collects payment from customers of photofinishing establishment: Answers customer's questions regarding prices and services. Receives film to

7

> be processed from customer and enters identification data and printing instructions on service log and customer order envelope. Loads film into equipment that automatically processes film, and routes processed film for subsequent photo printing. Files processed film and photographic prints according to customer's name. Locates processed film and prints for customer. Totals charges, using cash register, collects payment, and returns prints and processed film to customer. Sells photo supplies, such as film, batteries, and flashcubes.

*Id*. Because the DOT does not describe any job duties that would require overhead reaching, there is no conflict between the VE's testimony and the DOT. *Tracy D. v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4748124, at *3 (N.D. Tex. Sept. 27, 2019) (holding there is no conflict between VE's opinion that a person who could never reach overhead bilaterally can still work as a callout operator where DOT description for the job requires occasional reaching, but does not specifically state, or otherwise indicate, that "overhead" reaching is required); *Sherron F. v. Berryhill*, 2018 WL 4680565, at *4 (N.D. Tex. Sept. 28, 2018) (holding there is no conflict between the DOT and VE's opinion that a person limited to occasional overhead reaching can work as a correspondence clerk and billing clerk where the DOT's descriptions for those jobs are silent as to what type of reaching is required); *see also Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016) (holding there is no apparent conflict between the VE's conclusion that an individual with an inability to reach above shoulder level with her right hand/arm could perform cashier work and the DOT's generic job description requiring frequent reaching); *Rodriguez v. Colvin*, 2015 WL 778852, *4 (W.D. Tex. Feb. 23, 2015) (finding no

direct or obvious conflict between VE testimony and DOT where nothing in DOT job description indicated overhead reaching required for job); *Ridenhour v. Astrue*, 2009 WL 77765, *13 (N.D. Tex. Jan. 12, 2009) (finding no obvious conflict where reaching was required for job but the DOT did not specify the job must be performed by the dominant hand or arm or require bilateral use of the arms and hands); *accord Carey*, 230 F.3d at 146 (finding there was no conflict with the DOT because the DOT did not state that the job required two hands).

Consistent with the VE's testimony, the ALJ found that Plaintiff can work as, among other things, a counter clerk. Because the Commissioner's burden at step five of the sequential evaluation process is satisfied by showing the existence of only one job with a significant number of available positions that the claimant can perform, *Gaspard v. Soc. Sec. Admin. Comm'r*, 609 F. Supp. 2d at 617 (citing *Evans v. Chater*, 55 F.3d 530, 532-33 (10th Cir. 1995)), the Court pretermits consideration of Plaintiff's remaining arguments regarding the other jobs found by the ALJ.

> II. The ALJ committed a *Stone* error, but Plaintiff has not established prejudice resulting from it.

Plaintiff argues that her physical limitations are caused, in part, by back and neck pain resulting from degenerative disc disease in her lumbar and cervical spine and that the ALJ erred in failing to find these alleged impairments severe under the standard set forth in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). Plaintiff

9

contends she was prejudiced by this error because the ALJ should have found her RFC to be more limited.

Under *Stone*, an impairment is not severe "only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone*, 752 F.2d at 1101 (citations and alterations omitted). In fact, *Stone* requires a finding of "severe" if the impairment interferes with an individual's ability to work at all. *Stephanie Z. v. Berryhill*, 2018 WL 4467470, at *3 (N.D. Tex. Sept. 18, 2018) (citing *Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805-06 (N.D. Tex. 2009); *Morris v. Astrue*, 2012 WL 4468185, at *5 (N.D. Tex. Sept. 4, 2012), *adopted by* 2012 WL 4466144 (N.D. Tex. Sept. 27, 2012)). In the Fifth Circuit, a court assumes that the ALJ applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to *Stone* or by an express statement that the ALJ used the construction the Fifth Circuit gives to the severity requirement. *Stone*, 752 F.2d at 1106. Nevertheless, "[a] case will not be remanded simply because the ALJ did not use 'magic words.'" *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986). Remand is only required "where there is no indication the ALJ applied the correct standard." *Id*. The Commissioner may overcome the presumption that the ALJ applied an incorrect severity standard by showing that, though not explicitly stated, the ALJ applied the correct legal standard or by demonstrating that the ALJ's application of an improper standard was harmless. *See Taylor v. Astrue*, 706

F.3d 600, 603 (5th Cir. 2012) (per curiam) (citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)).

Here, the ALJ did not cite *Stone*, and his articulation of the severity standard is inconsistent with *Stone*. Indeed, the ALJ defines a severe impairment as a medically determinable impairment that "significantly limits an individual's ability to perform basic work activities." A.R. 22. *Stone* disapproved of this articulation of the severity standard. *Stone*, 752 F.2d at 1104-05 & n.3; *Mattie D. C. v. Berryhill*, 2019 WL 1084185, at *3 (N.D. Tex. Feb. 13, 2019), *adopted by* 2019 WL 1077372 (N.D. Tex. Mar. 7, 2019). Consequently, the Court assumes the ALJ applied an incorrect legal standard at step two. Remand is not required, however, because the error is harmless.

Plaintiff argues that the ALJ should have found her degenerative disc disease severe. She states that the medical records before the ALJ include x-rays performed in March 2015 that provide evidence of degenerative disc disease of her cervical and lumbar spine, specifically disc space narrowing and anterior osteophytes at the C4-C5 and disc space narrowing at the L5-S1. *See* A.R. 390. The ALJ did not mention Plaintiff's x-rays in the written decision finding her not disabled. However, Plaintiff argues that the x-rays, taken together with her hearing testimony that she was limited to standing for about 15 or 20 minutes and limited to walking about a block due to her back pain, *id*. 54, support her claim that her degenerative disc disease is a severe impairment and the ALJ should have taken

that impairment and the claimed resulting limitations into consideration in determining her RFC.

Contrary to Plaintiff's suggestion, the ALJ does not have to specifically discuss all the evidence that supports the decision or all the evidence that was rejected. *See Luzenia K. v. Saul*, 2020 WL 2574933, at *4 (N.D. Tex. May 20, 2020) ("The ALJ is not required to cite and discuss every symptom reflected in the medical records."); *Gay v. Saul*, 2020 WL 1158727, at *7 (N.D. Ohio Mar. 10, 2020) ("An ALJ must 'consider' all of the available evidence, including a claimant's medical history, but there is no requirement that an ALJ recite every symptom, complaint, or notation included in every medical record in the transcript file." (citing 20 C.F.R. § 416.929(a)). Additionally, as the Commissioner points out, the medical evidence does not establish that Plaintiff suffers from additional severe impairments related to her back and neck. The report accompanying Plaintiff's March 2015 x-rays states that Plaintiff's vertebral height was maintained and there was straightening of normal cervical lordosis, and, although there was disc space narrowing and anterior osteophytes at C4-C5, Plaintiff's prevertebral soft tissues were within normal limits. A.R. 390. Nor did the ALJ simply ignore Plaintiff's testimony regarding her claimed limitations. Here, the ALJ specifically discussed Plaintiff's testimony that she could not sit or stand for more than 15-20 minutes at a time in determining Plaintiff's RFC. *Id.* 24. In assessing Plaintiff's RFC, the ALJ was required to consider all "medically determinable impairments," including those that were "not 'severe,'" as well as "all of the relevant medical and other

12

evidence" in the record. *See* 20 C.F.R. § 404.1545(a) (2)-(3); *see also* SSR 96–8p, 1996 WL 374184, at *5 ("While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim."). The ALJ did so here and, after considering all the evidence, the ALJ determined Plaintiff's statements regarding the limiting effects of her claimed impairments were not consistent with the medical evidence in the record. While the ALJ committed a *Stone* error, Plaintiff failed to establish prejudice resulting from it. Remand is not required.

III. The ALJ did not err in applying the Grids.

Plaintiff argues the Commissioner should have found her disabled under the Medical Vocational Guideline Rules (the "Grids") after December 24, 2018, when she turned 55 years old. At the fifth step of the sequential evaluation process, the ALJ considers the claimant's age in combination with her RFC, education, and work experience to determine whether the claimant is capable of adjusting to and performing work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1563(a); *Flores v. Astrue*, 2010 WL 3858173, at *2 (N.D. Tex. Aug. 30, 2010), *adopted by* 2010 WL 3856435 (N.D. Tex. Oct. 4, 2010). The ALJ may consult the Grids to determine whether, given the claimant's vocational characteristics, work exists in the national economy that the claimant can perform. *Heckler v. Campbell*, 461 U.S. 458, 461–62 (1983). The Grids consist of rules that direct a finding of disability when the claimant's RFC, age, education, and previous

13

work experience correspond to the job requirements under a particular rule. *See* 20 C.F.R., pt. 404, subpart P., app. 2. For example, under the Grids, a claimant is presumptively disabled if she: (1) retains the RFC to perform light work; (2) is unable to perform her past relevant work; (3) is of "advanced age" (age 55 or older); (4) has a high school education or more; and (5) has past relevant work that is skilled or semiskilled but did not acquire transferrable skills. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.06. Plaintiff was only 53 years old, and not yet of "advanced age," on the date the ALJ issued her decision. However, Plaintiff argues the Commissioner retained jurisdiction over her claim through July 10, 2019 when the Appeals Council issued a letter granting her an extension of time to file a civil action; and, because the Commissioner retained jurisdiction over her claim after she reached advanced age, the Commissioner erred by not finding her disabled under the Grids. The Commissioner disputes that he erred by failing to apply the Grids to Plaintiff's case after the ALJ issued her decision.

  Plaintiff cites no cases, and the Court can find none, that suggest the relevant date for a disability determination is the last day that the Commissioner has jurisdiction over the claim. In fact, Plaintiff's argument ignores the well-settled rule that when a claimant's social security insured status does not expire until after the ALJ renders her decision,[3] the age to be used in determining disability under

---

[3] Here, Plaintiff met the social security insured status requirements through December 31, 2018, A.R. 22, and the ALJ issued her decision on June 1, 2017, *id*. 28.

14

the Grids is Plaintiff's age on the day the ALJ issues her decision. *See*, *e.g.*, *Manning v. Colvin*, 2014 WL 266417, at *5, n.5 (N.D. Tex. Jan. 24, 2014); *see also Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987) ("[T]he claimant's age as of the time of the decision governs in applying the regulations"). Remand is not required.

## Recommendation

For the foregoing reasons, the Court should AFFIRM the ALJ's hearing decision in all respects.

**SIGNED** July 31, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).